Bergan, J. (concurring).
The decision at Special Term holding the Assembly may not be enlarged beyond 150 members by legislative enactment must be affirmed. But the limitation of the New York Constitution on legislative power to reapportion districts goes well beyond a mere numerical change in the Assembly districts.
There are other constitutional requirements of equally uncompromising specificity. It is provided, e.g., that each county “ shall always be entitled to one member of assembly ”; that apportionment of more than one Assembly district within a county shall be by the local legislative body; that no county shall be divided in the formation of a Senate district unless there are two or more Senate districts in the county (N. Y. Const., art. III, §§ 4, 5).
The Legislature owes its existence to the Constitution. All of its powers, and the limitations on its powers, spring from it. No residual power to make structural changes in its own organization or in other branches of the government set up by the Constitution is vested in the Legislature. These basic structures may be altered only by the approval of the people (art. XIX, § 1).
The fact that the Federal Government has- now declared that the New York Constitution is invalid as in.conflict with the United States Constitution in the way it apportions the Legislature does not create a new kind of ultra-constitutional power to establish a different basic pattern- of representation. The people of New York retain the sole power to do this, and it has not been vested by them in the Legislature even to meet an emergency created by the Federal decisions..
The view expressed in the opinion in Reynolds v. Sims (377 U. S. 533, 586) that legislative reapportionment is “ primarily ” a matter “for legislative consideration and determination” *355 adds nothing affirmative to the State powers distributed and controlled by constitutional language. Nor does the doctrine of construction by which we should save a clearly separate or separable item in a Constitution or a statute (People ex rel. Alpha Portland Cement Co. v. Knapp, 230 N. Y. 48, 60-63) create a power which is not there.
. The theory on which the court now assumes that the Legislature may pass an apportionment statute inconsistent with the Constitution is that those restrictive constitutional portions have been held invalid by the Supreme Court and that this vacuum in some manner vests affirmative power in the Legislature to make different arrangements of apportionment. The assumption runs against the long history and tradition of federalism in the United States.
To say that New York, one of the States which formed the Federal Government itself, is to derive a power over the reconstruction of its own government from the intimations of the judicial branch of the Federal Government as to what powers its Legislature ought to have is both revolutionary doctrine and a constitutional anachronism.
We must, of course, yield to the weight of Federal power holding portions of our Constitution invalid. But power to establish substitutes in the structure of the New York government rests only in the people of New York by constitutional revision with whatever risk this implies that if the time necessary to revise the Constitution moves too slowly in the judgment of the Federal court that court will affirmatively implement its decision.
If, as this court is now holding, the Legislature cannot increase the number of Assembly districts beyond 150 because the Constitution expressly states this number, it is reasonable to think that it has no power, either, to overrun other constitutional limitations expressed with equal solemnity.